NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY JAMES MERRICK, | No. 20-17504 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-05494-SPL-MTM |
| v. | |
| CHARLES L. RYAN, Arizona Department of Corrections; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted March 16, 2022**

Before:   SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Arizona state prisoner Anthony James Merrick appeals pro se from the

district court's judgment in his action brought under 42 U.S.C. § 1983 and the

Religious Land Use and Institutionalized Persons Act ("RLUIPA").  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1051, 1056 (9th Cir. 2004) (summary judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly granted summary judgment for defendants Kidwell and Shinn because Merrick failed to raise a genuine dispute of material fact as to whether Kidwell was sufficiently involved in the decision to deny Merrick's request to change his religious preference, or whether Merrick suffered a constitutional injury by virtue of any prison policy. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972) (prisoners are entitled to reasonable opportunities to exercise their religious freedom under the Fourteenth Amendment); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (liability under § 1983 requires showing of personal participation in the alleged rights deprivation).

The district court properly dismissed Merrick's claims against defendants Ryan, Shinn, and Herman because Merrick failed to allege facts sufficient to state any plausible claims. *See Jones v. Williams*, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (a free exercise claim in the prison context requires a plausible allegation that a government action substantially burdens plaintiff's practice of his religion); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (plaintiff alleging an equal protection claim must show that defendants acted with an intent or purpose to discriminate based upon plaintiff's membership in a protected class); *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004) (under

RLUIPA, to constitute a substantial burden on religious exercise, a regulation "must impose a significantly great restriction or onus upon such exercise"); *Jones*, 297 F.3d at 934.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**